**Michael Fuller, OSB No. 09357**
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

**Kelly D. Jones, OSB No. 074217**
Law Office of Kelly D. Jones
kellydonovanjones@gmail.com
Direct 503-847-4329

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **RONALD WILLIAMSON** individually, and on behalf of others similarly situated | Case No. 3:22-cv-782 |
| | **CLASS ACTION COMPLAINT** |
| Plaintiff | Unlawful Trade Practices ORS 646.638 |
| vs | Demand for Jury Trial |
| **CURALEAF, INC.** | |
| Defendant | |

**CLASS ACTION COMPLAINT** – Page 1 of 13

**1.**

**JURISDICTION AND THE PARTIES**

This Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy requirement is satisfied and the parties are citizens of different states.

**2.**

Plaintiff is a 77-year-old citizen of the state of Oregon and a "person" as that term is defined at ORS 646.605(4).

**3.**

Defendant is a citizen of the state of Delaware and defendant is a "person" as that term is defined at ORS 646.605(4).

**4.**

Venue is proper in the state of Oregon under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to plaintiff's claim occurred in Oregon and defendant is registered to do business in Oregon with the Oregon Secretary of State Corporate Division and defendant maintains a registered agent in Oregon and defendant regularly manufactures, supplies, distributes, markets, advertises, and sells its Select CBD Drops in Oregon in the course of its business.

**CLASS ACTION COMPLAINT** – Page 2 of 13

**5.**

**FACTUAL ALLEGATIONS**

On or about August 1, 2021 at the Sweet Relief dispensary in Tillamook, Oregon, plaintiff purchased and later consumed Select CBD Drops that were manufactured, labeled, distributed, marketed, advertised, and sold by defendant in the regular course of its business.

**6.**

Defendant labeled, marketed, and advertised the Select CBD Drops purchased by plaintiff and the putative class members as containing cannabidiol (CBD), which does not produce intoxicating effects.

**7.**

The Select CBD Drops purchased by plaintiff and the putative class members were not labeled, marketed, and advertised as having any, or any substantial amount of, tetrahydrocannabinol (THC).

**8.**

In reality, the Select CBD Drops purchased by plaintiff and the putative class members contained substantial amounts of tetrahydrocannabinol (THC), a psychoactive compound in cannabis that produces intoxicating effects.

**9.**

In Oregon, products including drops containing THC are not permitted to be sold to consumers without a warning label disclosing the presence and amount of THC. THC is not fit for unintentional human consumption, as it can impair a person's ability to drive a motor vehicle and cause unwanted anxiety, panic, and acute psychosis.

**10.**

Defendant's Select CBD drops purchased by plaintiff and the putative class members was for personal, family, or household purposes.

**11.**

**CLASS ACTION ALLEGATIONS**

Under FRCP 23, plaintiff brings this action on behalf of himself and all other similarly situated individual consumers. The class is initially defined as:

**a)** all individual consumers with Oregon addresses,

**b)** who purchased one of the hundreds of allegedly mislabeled Select CBD drops which contained a substantial amount THC, where the Select CBD drops' labels failed to disclose the presence of a substantial amount of THC,

**c)** on or after June 19, 2021.

**CLASS ACTION COMPLAINT** – Page 4 of 13

**12.**

A class action is proper under FRCP 23(a) because based upon information and belief, the class consists of hundreds of individual consumers, and joinder of all members is impracticable. Excluded from the class are all attorneys for the class, officers and members of defendant, any judge who sits on the case, all jurors and alternate jurors who sit on the case, and any individual who has already released their claim against defendant.

**13.**

This action can be maintained as a class action under FRCP 23(a) and (b) because there are questions of law and fact common to the class members, and which predominate over any questions relating to individual class members, including but not limited to:

    **a)** Whether defendant failed to disclose on the labels of its Select CBD drops purchased by plaintiff and the class members that the product contained THC and the amount of THC the product contained,

    **b)** Whether defendant's conduct described in this complaint violated the UTPA,

**CLASS ACTION COMPLAINT** – Page 5 of 13

**c)** Whether defendant maintained adequate quality controls measures, safety procedures, testing policies, training materials, sufficient supervision, and reasonable employment practices, and whether defendant's conduct in violation of the UTPA was willful, reckless, or knowing.

## 14.

Plaintiff's claim is typical of the claims of the class members, as they are based on the same factual circumstances and legal theories. Plaintiff has no interests adverse to the class members.

## 15.

Plaintiff will fairly and adequately represent and protect the interests of the members of the class. Plaintiff has retained nationally known and locally respected counsel experienced in class action litigation and UTPA litigation to further ensure such representation and protection of the class. Plaintiff and his counsel intend to prosecute this action vigorously and have the resources necessary to successfully try this case to judgment.

**CLASS ACTION COMPLAINT** – Page 6 of 13

**16.**

A class action is appropriate under FRCP 23(b)(3) because the questions of law and fact regarding the nature and legality of defendant's practices as alleged in this complaint predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, for the following reasons:

a) The prosecution of separate actions creates a risk of inconsistent or varying rulings,

b) The common questions of law and fact described above predominate over questions affecting only individual members,

c) Individual class members would have little interest in controlling the prosecution of separate actions because the amount of each individual claim is relatively small compared to the complexities of the issues and the expenses of litigation. The federal court filing fee alone is double the maximum statutory damages available under the UTPA. Absent class treatment, defendant's alleged wrongdoing would go unabated, and no class member would be afforded the opportunity to seek judicial relief, whether for themselves or for the public good generally,

**CLASS ACTION COMPLAINT** – Page 7 of 13

**d)** This is a desirable forum because this Court has significant experience managing class actions and a class action will be an efficient method of adjudicating the claims of the class members, and class members have claims that are not significant in amount relative to the expense of the litigation, so separate actions would not afford significant relief to the members of the class.

**17.**

**CLAIM FOR RELIEF**

**– Unlawful Trade Practices –**

As further alleged in this complaint, in the course of its business by failing to disclose on its Select CBD drops products' labels as required by Oregon law that the products purchased by plaintiff and the putative class members contained substantial amounts of THC, defendant falsely represented that the products had the characteristics, uses, benefits, and qualities of a CBD product not containing THC, which would not be intoxicating, psychoactive, or debilitating, in violation of ORS 646.608(1)(e). A representation under ORS 646.608(1) "may be any manifestation of any assertion by words or conduct, including, but not limited to, a failure to disclose a fact." ORS 646.608(2).

**18.**

Defendant's acts and omissions as alleged in this complaint in violation of ORS 646.608(1)(e) caused plaintiff and the other class members ascertainable loss in the amount of the products' purchase price, because but for defendant's failure to disclose that its Select CBD drops contained substantial amounts of THC, plaintiff and the class members would not have purchased the product, and because plaintiff and the other class members ended up with a product containing THC

which was worth less than the product that was falsely represented to them that they intended to purchase, with the characteristics, uses, benefits, and qualities of a CBD product which would not be intoxicating, psychoactive, or debilitating.

**19.**

Defendant failed to maintain adequate quality controls measures, safety procedures, testing policies, training materials, sufficient supervision, and reasonable employment practices. As further alleged in this complaint, defendant's failure to disclose that its Select CBD drops contained significant amounts of THC on the products' labels in violation of ORS 646.608(1)(e) was willful and reckless because defendant should and would have known that its representation that its product did not contain a substantial amount of THC was not true but for its gross negligence and utter lack of reasonable and adequate safety and protocols when it manufactured, bottled, labeled, shipped, and sold its tainted products for plaintiff's and the class members' purchase, causing them harm and ascertainable loss of money.

**20.**

Moreover, defendant's negligent, willful, and reckless conduct set forth in this complaint in violation of the UTPA was designed to save costs and increase profits, was reprehensible, and violated the common standards required of corporations by the people of Oregon.

**21.**

As a result of defendant's UTPA violations alleged in this complaint, under ORS 646.638 plaintiff and all other similarly situated individual consumers are entitled to the greater of their actual damages or $200 in statutory damages, punitive damages, and reasonable fees and costs.

**22.**

Plaintiff requests a jury trial.

**23.**

**PRAYER FOR RELIEF**

Plaintiff respectfully requests relief against defendant as sought

above, an order appointing class counsel and certifying this case as a

class action, and any other relief the Court may deem appropriate.

May 30, 2022

                                   **RESPECTFULLY FILED,**

                                   s/ Michael Fuller
                                   **Michael Fuller, OSB No. 09357**
                                   Lead Trial Attorney for Plaintiff
                                   OlsenDaines
                                   US Bancorp Tower
                                   111 SW 5th Ave., Suite 3150
                                   Portland, Oregon 97204
                                   michael@underdoglawyer.com
                                   Direct 503-222-2000

                                   **Kelly D. Jones, OSB No. 074217**
                                   Of Attorneys for Plaintiff
                                   Law Office of Kelly D. Jones
                                   kellydonovanjones@gmail.com
                                   Direct 503-847-4329

**CLASS ACTION COMPLAINT** – Page 12 of 13

## CERTIFICATE OF SERVICE

I caused this document to be served on:

**Oregon Department of Justice**
**1162 Court St. NE**
**Salem, Oregon 97301-4096**

May 30, 2022

s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

**CLASS ACTION COMPLAINT** – Page 13 of 13