**Michael Fuller, OSB No. 09357**
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

**Kelly D. Jones, OSB No. 074217**
kellydonovanjones@gmail.com
Direct 503-847-4329

Of Attorneys for Plaintiffs


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| **RONALD WILLIAMSON** individually, and on behalf of others similarly situated | Case No. No. 3:22-cv-00782-IM |
| Plaintiff | **SUPPLEMENTAL EXHIBIT A** |
| vs | Fully Executed Settlement Agreement |
| **CURALEAF, INC.** | |
| Defendant | |


**SUPPLEMENTAL EXHIBIT A**

## CLASS ACTION SETTLEMENT AGREEMENT

*Ronald Williamson v. Curaleaf, Inc.*

United States District Court for the District of Oregon, Case No. 3:22-cv-00782-IM

This Settlement Agreement and Release ("Agreement") is made and entered into by and among Defendant Curaleaf, Inc. ("Defendant") and Plaintiff Ronald Williamson ("Plaintiff") on his own behalf and on behalf of a putative class and each of its Settlement Class Members (as defined herein) in *Williamson v. Curaleaf, Inc..*, United States District Court for the District of Oregon, Case No. 3:22-cv-00782-IM ("the Action").  Plaintiff and Defendant collectively are referred to in this Agreement as the "Parties." The Parties agree that the Action and the Released Claims (as defined herein) shall be fully and finally compromised, settled and released, and dismissed with prejudice and/or final judgment entered, subject to the approval of the Court and the terms and provisions set forth in this Agreement.

## A.    RECITALS

**1.**    Representative Plaintiff, a resident of Oregon, filed the Action to raise claims arising from his and the other putative class members' purchase of Select CBD Drops manufactured by Curaleaf, Inc. that were labeled as containing cannabidiol (CBD) but in fact contained tetrahydrocannabinol (THC).

**2.**    Before Curaleaf formally appeared in the Action the Parties engaged in mediation with the assistance of retired Supreme Court Justice Sue M. Leeson as mediator. As a result of these negotiations, the Parties now desire to settle the Action on the terms and conditions set forth in this Agreement, to provide fair compensation to the putative class members and to avoid the burden, expense, and uncertainty of continuing litigation.

**3.**    Class Counsel has analyzed and evaluated the merits of this Action and the impact of this Agreement on the putative Class Members. Based on that analysis and evaluation, and understanding that the practices giving rise to this Class Action have now ceased and that the terms of settlement include payment of the maximum statutory relief available to the putative class members under the applicable statutes, and recognizing the risks of continued litigation and the likelihood that the Action, if not settled now, may be protracted and will further delay any relief to the Class, Representative Plaintiff and Class Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate and equitable, and that a settlement of the Action on the terms described in this Agreement is in the best interests of the putative class members.

**4.**    The Parties represent that only after reaching agreement as to the amount of the settlement, one hundred thousand dollars ($100,000.00) and Defendant's separate obligation to pay all costs of administration related to the settlement, did

Class Counsel then state their intent to seek and request an amount no greater than 25% of the common settlement fund for reasonable attorney fees, costs, and expenses in litigating this Action and securing the settlement for the putative class members.

5.      In consideration of the promises and agreements set forth in this Agreement, Representative Plaintiff on behalf of the Settlement Class, and Defendant for themselves and through their counsel, agree to the terms and conditions of this settlement, subject to approval by the Court.

## B.    DEFINITIONS

In addition to the definitions contained elsewhere in this Agreement, the following definitions shall apply:

1.      "Administration Costs" or "Administration Expenses" means all of the costs and expenses incurred by the Settlement Administrator in implementing the Class Notice Program, establishment and maintenance of the Settlement Website and toll free phone number; the processing, reviewing, and paying Approved Claims; establishing and administering the Settlement Fund; proving declarations and reports to inform the Parties and Court of its administration services provided and to be provided; and all other expenses related to the administration of the Settlement Fund and this Settlement as a whole.

2.      "Agreement", "Settlement Agreement", or "Settlement" means the material terms and conditions set forth in this document, titled "Class Action Settlement Agreement.

3.      "Approved Claim" means a Claim Form submitted by a Settlement Class Member that: (a) is submitted timely and complies with the directions on the Claim Form; (b) is fully and truthfully completed by a Settlement Class Member with all of the information requested in the Claim Form; (c) is signed by the Settlement Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement or by agreement of the Parties.

4.      "Attorney Fee Award" means the amount that the Court awards to Plaintiff for Class Counsel's reasonable attorneys' fees and recoverable litigation costs and expenses in this matter. The Parties agree that Class Counsel will seek approval of an amount no greater than 25% of the Settlement Fund as the Attorney Fee Award. The Attorney Fee Award shall be paid from the Settlement Fund.

5.      "Claim Form" means the document to be submitted by Settlement Class Members seeking a cash payment pursuant to this Agreement. The Claim Form will be available online through the Settlement Website and the contents of the Claim

Form will be substantially similar to the form attached hereto as Exhibit 5, with any nonmaterial amendments agreed to by the Parties.

**6.** "Claimant" means a Settlement Class Member who submits a Claim Form seeking a cash payment as further described in this Agreement.

**7.** "Claims Deadline" means the date by which all Claim Forms must be submitted online through the Settlement Website, or postmarked or received by the Settlement Administrator if sent through the mail, in order to be considered timely. The Claims Deadline shall be sixty (60) days from the Notice Date. The Claims Deadline will be clearly set forth in the Preliminary Approval Order, all class notice documents, the Settlement Website, and on the Claim Form itself.

**8.** "Class" or "Settlement Class" means all individual consumers with an Oregon address who purchased one of the Defendant's allegedly mislabeled Select CBD drops on or after June 19, 2021. The class does not include any non-individual corporate entity; Defendant or any entity that has a controlling interest in Defendant; Defendant's current or former directors, officers, counsel, or their immediate families; any Judge assigned to this case; or any individuals who request exclusion or opt out from the Class or Settlement.

**9.** "Class Counsel" means  attorneys Michael Fuller of OlsenDaines, P.C. and Kelly D. Jones of the Law Office of Kelly D. Jones.

**10.** "Class Member" or "Settlement Class Member" means  each person eligible to participate in this Settlement who is a member of the Settlement Class as defined above, including Plaintiff.

**11.** "Class Notice" or "Notice" means the information regarding the terms and conditions of this Settlement that is provided to the Class Members regarding this Settlement, substantially similar to the proposed forms attached hereto as Exhibit 3 ("short form" notice) and Exhibit 4 ("long form" notice ) subject to any amendments agreed to by the Parties and subject to approval by the Court.

**12.** "Class Representative" means Ronald Williamson, who will ask the formally approve him as the Class Representative.  Defendant will not oppose this request.

**13.** "Court" means the U.S. District Court for the District of Oregon and the Judge assigned to this Action.

**14.** "Defendant" means Curaleaf, Inc., a Delaware corporation and its shareholders, officers, directors, principals, partners, members, employees, volunteers, agents, assigns, affiliates, related entities, parent entities, subsidiaries, insurers, predecessors, and successors.

{04159678-1 }

3

**15.**    "Defendant's Counsel:" means attorney Graham M. Sweitzer and the law firm Harrang Long P.C.

**16.**    "Distribution Date" means the date thirty (30) days after entry of the Final Approval Order and Final Judgment by the Court (Final Approval Date) if no appeals of the Court's Final Order and Final Judgment have been being filed, or, if appeals or requests for review have been filed, (30) days after the deadline to seek further review or appeal of an order affirming the granting of the Final Order and Final Judgment.

**17.**    "Exclusion Deadline" means the date by which all requests for exclusion or opt-out from the Class or Settlement must be filed, postmarked, or received by the Settlement Administrator to be considered timely. The Objection and Exclusion Deadline shall be sixty (60) days from the Notice Date.

**18.**    "Final Approval" means the Court has entered the Final Approval Order.

**19.**    "Final Approval Date" means the date on which the Court enters the Final Approval Order in the docket.

**20.**    "Final Approval Hearing" means the final fairness hearing scheduled by the Court to decide whether to grant Final Approval and enter the Final Approval Order and to hear any objections to the Settlement.

**21.**    "Final Approval Order" means the order approving this Agreement and Settlement issued by the Court at or after the Final Approval Hearing Date and substantially similar to the form attached hereto as Exhibit 2.

**22.**    "Notice Date" means the date of publication of notice and implementation of the Class Notice Program set forth in further detail in this Agreement, which will occur  within thirty (30) days after the Preliminary Approval Date.

**23.**    "Objection Deadline" means the date by which all objections must be postmarked or received by the Settlement Administrator and filed with the Court to be considered timely. The Objection Deadline shall be sixty (60) days from the Notice Date.

**24.**    "Preliminarily Approve", "Preliminary Approval" or "Preliminary Approval Order" means  the Court's order preliminarily approving the terms and conditions of this Agreement and Settlement, certifying the Settlement Class for settlement purposes, and directing Notice of the Settlement to the Class Members, substantially similar to the proposed order attached to this Agreement as Exhibit 1.

**25.**    "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

**26.**    "Request for Exclusion" "Exclusion" or "Opt-out" means a Class Member's timely and effective decision to not proceed as a Class Member or in the Settlement and to not be bound to any of the terms of this Agreement, including the release of any claims, as described further in this Agreement. A Request for Exclusion must be in writing and be received by the Class Administrator or postmarked by the Exclusion Deadline.

**27.**    "Released Claims" means any and all claims or causes of action whether under federal statutory law, federal common law or federal regulation, or the statutes, Constitutions, regulations, ordinances, common law, or any other law of any and all states or their subdivisions, that arise out of the alleged mislabeling of the 525 units at issue in the Action, and could have been brought by any Class Member, on or before the date that this Agreement is executed, but does not include the claims or causes of action of any person or entity who is not a Class Member as defined by this Agreement or any claim or cause of action not based on the facts as alleged in the operative complaint filed in the Action, such as negligence claims for personal injury.

**28.**    "Released Parties" or "Releasing Parties" means Defendant and its respective affiliates, parents, direct and indirect subsidiaries, agents, insurers, and any company or companies under common control with any of them, and each of their respective predecessors, successors, past and present officers, directors, employees, agents, servants, accountants, attorneys, advisors, shareholders, members, insurers, representatives, partners, vendors, issuers, and assigns.

**29.**    "Settlement Administrator" means CPT Group, the third-party administration company that has been selected by Defendant and agreed to by the Parties to perform the duties set forth in this Agreement, subject to approval by the Court.

**30.**    "Settlement Website" means a website to be established, operated, and maintained by the Settlement Administrator for purposes of providing notice and otherwise making available to the Settlement Class Members the documents, information, and online claims submission and Claim Form processes further described in this Agreement.

**31.**    "Settlement Fund" means the settlement fund to be established and controlled by the Settlement Administrator and funded by the Defendant in the amounts as set forth in this Agreement, including the one hundred thousand dollars ($100,000) to be paid by Defendant and the separate Administrative Costs and Expenses to be paid by Defendant.

## C.   PRELIMNARY APPROVAL

**1.**      As soon as reasonably practical after execution of this Agreement, by the current deadline to so as ordered by the Court, Plaintiff will file an unopposed Motion for Preliminary Approval including this Agreement and the exhibits attached hereto, with the Court, and move for an order conditionally certifying the Settlement Class for settlement purposes only, giving Preliminary Approval of the Settlement, setting a date for the Final Approval Hearing, and approving the Class Notice and Claims Process, and requesting the Preliminary Approval Order, in substantially the same form as Exhibit 1 to this Agreement.

**2.**      Should the Court decline to grant Preliminarily Approval for all material aspects of the Settlement, the Settlement will be null and void, and the Parties will have no further obligations under it.  The Parties agree that if the Court declines to Preliminarily Approve non-material aspects of the Settlement, that the Parties will work cooperatively to make such changes required or requested by the Court.

**3.**      The Parties stipulate and agree to the certification of the claims asserted on behalf of Plaintiffs and Settlement Class Members for purposes of this Settlement only.  If the Settlement does not become Final, the fact that the Parties were willing to stipulate to certification as part of the Settlement shall not be admissible or used in any way in connection with, the question of whether the Court should certify any claims in a non-settlement context in the Action or in any other lawsuit.  If the Settlement does not become Final, Defendant reserves the right to contest any issues relating to class certification and liability.

**4.**      Solely for the purposes of this Settlement, the Parties stipulate and agree that Plaintiff shall be appointed as the Class Representative for the Settlement Class.

**5.**      Solely for the purpose of this Settlement, the Parties stipulate and agree that the Court should appoint Class Counsel to represent the Settlement Class.

## D.   NOTICE, CLAIMS, EXCLUSION, AND OBJECTION PROCESS

**1.      Class Notice Program**:  By the Notice Date (within thirty (30) days after the Preliminary Approval Date), the  short-form Class Notice will be provided by digital publication online and on social media, which will link to the Settlement Website. The final notice advertisements, and the overall Class Notice Program, will be designed by the Class Administrator; will satisfy Fed. R. Civ. Pro. 23 and constitutional due process requirements by providing Settlement Class Members the best notice practicable given the specific facts and circumstances of this Action and Settlement; will be reasonably calculated to apprise Class members of the important terms and deadlines within this Agreement and the Court's Orders Settlement, and will be subject to the final approval of the Parties and the Court. The details of and

an opinion of the adequacy, reasonableness, and effectiveness of the Class Notice Program will be set forth in declarations from the Class Administrator that will be provided to the Parties and will be filed by Class Counsel in support of the Motion for Preliminary Approval and Final Approval.

2.    **Settlement Website and Phone Number:**  By the Notice Date (within thirty (30) days after the Preliminary Approval Date), the Settlement Administrator will establish a Settlement Website, to be administered and maintained by the Settlement Administrator, which will provide the short and long form Class Notice, important case documents, exclusion and objection deadlines, the date and location of the Final Approval Hearing, and will include the ability for Settlement Class Members and Claimants to file Claim Forms online. The content, form, and Internet location/address of the Settlement Website shall be mutually acceptable to the Parties and the Settlement Administrator shall give the Parties the opportunity to review the Settlement Website and suggest any applicable changes to it. At the same time, the Class Administrator shall also establish and staff a toll-free phone number for the purpose of fielding inquiries from Class Members. The Settlement Website address and  toll-free phone number will be included in the Class Notices and shall be operational for at least one hundred eighty (180) days after the Distribution Date.

3.    **CAFA Notice:** No later than ten (10) days after Class Counsel files the motion for Preliminary Approval, the Class Administrator shall provide, on behalf of Defendant, any necessary notices to the United States Attorney General and any state Attorneys General as required under 28 U.S.C. § 1715. Notwithstanding this section, Defendant bears all final responsibility for meeting any notice requirements under the Class Action Fairness Act (CAFA) of 2005.

4.    **Claims Process**: A maximum of one claim, submitted on a single Claim Form, may be submitted by each Claimant. A Claimant must include information in the Claim Form, completed online through the Settlement Website or by hard copy mailed or emails to the Settlement Administrator, confirming, under penalty of perjury, that the Claimant (1) has an Oregon address, and (2) purchased at least one of Defendant's allegedly mislabeled Select CBD drops on or after June 19, 2021. The Settlement Administrator will be responsible for reviewing all claims to determine their validity. Unless otherwise authorized by the Parties, the Settlement Administrator will reject any claim that does not comply in any material respect with the applicable instructions on the Claim Form or this Agreement, or is submitted after the Claims Deadline. The Claim Form will contain a query asking the Claimant whether they prefer to receive any settlement payment via paper check in the mail or via electronic means (*e.g.*, PayPal/Venmo, Direct Deposit, etc.) and if the later, to provide identification of that electronic account to facilitate any such payment.

5.    **Exclusion/Opt-Out Process**: Settlement Class Members shall have sixty (60) days from the Notice Date to request exclusion or opt out from the Settlement (see

Exclusion Date above).  The Class Notice will provide that Settlement Class Members who wish to exclude themselves from the Settlement must mail or email to the Settlement Administrator a Request for Exclusion.  The written request for exclusion should: (a) state the Settlement Class Member's name, mailing address, and email and telephone number; (b) state that the Settlement Class Member wishes to opt out or exclude themselves from the Settlement; (c) be signed by the Settlement Class Member; and (d) be postmarked no later than the Exclusion Deadline.  If there is a question about the authenticity of a signed Request for Exclusion, the Settlement Administrator may demand additional proof of the Settlement Class Member's identity.  Any Settlement Class Member who returns a timely, valid, and executed Request for Exclusion will not participate in or be bound by the Settlement and Final Approval Order and General Judgment of Dismissal and will not receive a cash payment.  A Settlement Class Member who does not complete and mail a timely Request for Exclusion will automatically be included in the Settlement and will be bound by all terms and conditions of the Settlement, if the Settlement is approved by the Court, and by the subsequent Final Approval Order, regardless of whether they have objected to the Settlement.

**6.     Objection Process**:  The Class Notice will provide that any Settlement Class Member who wishes to object to the Settlement should do so in writing, signed, dated, and filed with the Court and also mailed to the Settlement Administrator by the Objection Deadline.  Objections may also be made in person at the Final Approval Hearing.  Settlement Class Members who fail to make timely written objections and who do not appear at the Final Approval Hearing to voice their objections shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. Any written Objection must contain the following information so that the Court and Parties understand who is objecting, whether they have standing to object, and on what basis:  (a) the objecting Settlement Class Member's full name, address, and telephone number; (b) the word "Objection"; (c) a statement attesting that the objecting Settlement Class Member purchased at least one of Defendant's allegedly mislabeled Select CBD drops on or after June 19, (d) a description of the specific factual and legal grounds for each objection, including why the objector has chosen to object; (e) whether the Settlement Class Member is represented by counsel, and, if so, that counsel's full name, address and bar number; and (f) and the objection must be personally signed by the objecting Settlement Class Member person making the objection. Settlement Class Members may (though are not required to) appear at the Final Approval Hearing, either in person or through the objector's own counsel.  Any counsel representing an objecting Settlement Class Member must file with the Court a notice of appearance and Points and Authorities in support of the objection, which brief shall contain any and all legal authority upon which the objector will rely and confirm whether the attorney intends to appear at the Final Approval Hearing.  Copies of the documents set forth in this paragraph must be filed with the Court and delivered to Class Counsel and Defendant's Counsel no later than the Objection Deadline.  A written objection will

still be considered even if an objecting Settlement Class Member does not appear at the Final Approval Hearing, either in person or through the objector's own counsel. An objection will be invalid and will not be considered if the submission does not provide all of the material requested information specified in this paragraph, is received after the Objection Deadline, or is not timely filed with the Court and delivered to the correct addresses for the Settlement Administrator, as listed on the Class Notice. If a Settlement Class Member submits both a timely and valid Request for Exclusion and timely and valid Objection, the Objection will be rejected and the Settlement Class Member's Request for Exclusion will be accepted.

## E.    FINAL APPROVAL

**1.**    At least ten (10) days before the Final Approval Hearing, Class Counsel shall file a motion for final approval requesting the Court grant a Final Approval Order substantially in the form attached to this Agreement as Exhibit 2 the relief requested in the proposed Final Approval Order, including finally approving the agreement as fair, reasonable, and adequate; binding on all Class Members who have not excluded themselves; ordering that the settlement payments be paid to Class Members; ordering that attorneys' fees, costs and expenses be paid in the amount approved by the Court; finally approving the form of notice; dismissing the Action with prejudice; and barring class members from bringing claims within the scope of the Released Claims. The motion for final approval will be supported by the filing of declaration of the Class Administrator which will list in detail any Settlement Class Member Requests for Exclusion or Objections which were received by the Class Administrator, describe the Class Administrator's implementation of the Notice Program and any CAFA notice; and otherwise describe the execution of the Class Administrator's duties and obligations in administering the Settlement to date.

**2.**    If the Court declines to grant Final Approval, the Action shall revert to the status that existed before execution of this Agreement. Thereafter, Representative Plaintiff shall be free to pursue any available claims, and Defendant shall be free to assert any available defenses, including but not limited to whether the claims asserted in the Action are or were appropriate for class certification.  Nothing in this Agreement shall be argued or deemed to stop any party from the assertion of such claims and defenses in the absence of settlement.

## F.    SETTLEMENT FUND AND DISTRIBUTION

**1.    Gross Settlement Amount and Settlement Fund**:  As set forth in this Agreement, no less than (10) days before the Distribution Date, Defendant shall pay One Hundred Thousand Dollars ($100,000.00) to the Settlement Fund by remitting this amount to the Class Administrator. The Settlement Fund does not include any and all amounts Defendant or its insurer(s) will separately pay to the Class Administrator for all Administrative Costs and Expenses that Defendant is obligated

to pay per the terms of this Agreement. The Settlement Fund and the Administration Costs and Expenses represent the total maximum extent of Defendant's monetary obligations under the Agreement and Defendant shall have no obligation to make further payments to the Settlement Fund, or otherwise, other than these amounts. On the Distribution date, the Class Administrator shall use the Settlement Fund to pay the Approved Claims of the Settlement Class Members and the Attorney Fee Award to Class Counsel as follows.

2.    **Attorney Fee Award Distribution**: On the Distribution Date, the Class Administrator shall pay the amount of the Attorney Fee Award, via paper check or electronic transfer, to Class Counsel firm OlsenDaines, P.C., from the Settlement Fund.

3.    **Settlement Class Member Distributions**: On the Distribution Date, the Class Administrator shall use the remainder of the Settlement Fund after the amount of the Attorney Fee Award is deducted to pay, via paper check or electronic transfer, each Settlement Class Member who submitted a timely Approved Claim a distribution on a pro rata basis, but not to exceed two hundred dollars $200.00 per Approved Claim and per Settlement Class Member. Payment by paper check will be the default payment method for hard copy claims filed via email or mail or in the event a Settlement Class Member fails to indicate a preferred method of payment or provides incomplete or inaccurate electronic payment information. Those Settlement Class Members whose payment checks are not cashed or cleared within ninety (90) days after issuance by the Class Administrator will be ineligible to receive a cash settlement benefit from the Settlement Fund, and neither Defendant nor the Class Administrator will have any further obligation to make any payment pursuant to this Agreement or otherwise to any such Settlement Class Members.

4.    **Cy Pres Distribution**: All funds remaining in the Settlement Fund following payments of all amounts described in this Agreement (including, but not limited to, amounts remaining from uncashed or uncleared checks, returned checks, etc.) ninety-one (91) days following the Distribution Date will constitute the Cy Pres Fund. The Class Administrator shall distribute the entire Cy Pres Fund to Oregon Consumer Justice (OCJ), a local consumer protection nonprofit, or such other that may be approved by the Court if not OCJ, no later than one hundred twenty (120) days from the Distribution Date. In no event and under no circumstances shall any amount of the Settlement Fund revert or be returned to Defendant or its insurer(s).

G.    **MISCELLANIOUS PROVISIONS**

1.    **Release of Claims**: Effective upon the Final Approval, Representative Plaintiff, for himself and as the representative of the Class and on behalf of each Class Member who has not timely opted out or requested exclusion from the Settlement and each of their respective agents, successors, heirs, assigns, and any

{04159678-1 }                                    10

other person who can claim by or through them in any manner, shall have fully and finally released with prejudice all Released Claims against the Released Parties, as further defined by the terms of this Agreement.

2.      **Settlement Administrator Obligations**. *Inter alia*, the Settlement Administrator will provide prompt, accurate, and objective responses to inquiries from Class Counsel and Defendant's Counsel and will periodically provide reports on implementation of the Notice Program, the claims process, requests for exclusion, objections, distribution, and its other obligations set forth in this Agreement. The Settlement Administrator will provide several declarations in support of this Settlement, including in support of the Motion for Preliminary Approval and the Motion for Final Approval. The Class Administrator should keep information regarding the Settlement Class Members confidential except as otherwise provided herein.    All data created and/or obtained and maintained by the Settlement Administrator pursuant to this Agreement shall be destroyed eighteen (18) months after the Settlement Administration is complete.

3.      **Continuing Jurisdiction of the Court**: After entry of the Final Approval Order and Judgment, the Court shall have continuing jurisdiction over the Action for purposes of:  (1) enforcing this Agreement; (2) addressing settlement administration matters; and (3) addressing such post-judgment matters as may be appropriate under Court rules and applicable law.

4.      **Change of Time Periods**:  The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Class Counsel and Defendant's Counsel, without notice to Settlement Class Members.  The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any provision of this Agreement.

5.      **Time for Compliance**:  If the date for performance of any act required by or under this Agreement falls on a Saturday, Sunday, or court holiday, that act may be performed on the next business day with same effect as if it had been performed on the day or within the period of time specified by or under this Agreement.

6.      **Mutual Cooperation**: The Parties and their counsel will cooperate fully in the process of seeking settlement approval. The Parties agree they will take all steps necessary to obtain and implement Final Approval of this Agreement, to defend the settlement order and Final Judgment through all stages of any appeals that may be taken (regardless of who prosecutes the appeal), and to provide the Class Members the benefits they are entitled to under this Agreement.

**7.    Governing Law:** This Agreement is intended to and shall be governed by the laws of the State of Oregon, without regard to its rules regarding conflict of laws.

**8.    Entire agreement**: The terms and conditions set forth in this Agreement constitute the complete and exclusive statement of the Agreement between the parties relating to the subject matter of this Agreement, superseding all previous negotiations and understandings, whether oral or in writing, express or implied, and may not be contradicted by evidence of any prior or contemporaneous agreement.

**9.    Effectiveness of agreement; counterparts**: This Agreement shall become effective upon its execution by all of the persons for whom signature spaces have been provided below. The Parties acknowledge and affirm that all natural persons signing below are duly authorized to enter into and bind this Agreement on behalf of the entities and individuals described below. All counsel who execute this Agreement represent and warrant that they have authority to enter into this Agreement on behalf of their respective clients. The parties and their counsel may execute this Agreement in counterparts (any one or all of which may be facsimile copies), and execution in counterparts shall have the same force and effect as if all signatories had signed the same document.

**EXECUTION BY THE PARTIES**

**Class Representative**:

Printed Name: Ronald Williamson

Signature: _Ronald Williamson (May 10, 2023 10:49 PDT)_

Date: May 10, 2023

**Class Counsel**:

Printed Name: Kelly D. Jones          Date: 5/15/23

Signature: _____

**Defendant:**

Printed Name: _____          Date: _____

Signature: _____

**Defendant's Counsel:**

Printed Name: _____          Date: _____

Signature: _____

**7.    Governing Law:** This Agreement is intended to and shall be governed by the laws of the State of Oregon, without regard to its rules regarding conflict of laws.

**8.    Entire agreement:** The terms and conditions set forth in this Agreement constitute the complete and exclusive statement of the Agreement between the parties relating to the subject matter of this Agreement, superseding all previous negotiations and understandings, whether oral or in writing, express or implied, and may not be contradicted by evidence of any prior or contemporaneous agreement.

**9.    Effectiveness of agreement; counterparts:** This Agreement shall become effective upon its execution by all of the persons for whom signature spaces have been provided below. The Parties acknowledge and affirm that all natural persons signing below are duly authorized to enter into and bind this Agreement on behalf of the entities and individuals described below. All counsel who execute this Agreement represent and warrant that they have authority to enter into this Agreement on behalf of their respective clients. The parties and their counsel may execute this Agreement in counterparts (any one or all of which may be facsimile copies), and execution in counterparts shall have the same force and effect as if all signatories had signed the same document.

## EXECUTION BY THE PARTIES

**Class Representative:**

Printed Name: _____

Signature: _____

Date: _____

**Class Counsel:**

Printed Name: _____  Date: _____

Signature: _____

**Defendant's Counsel**

Printed Name: _____Graham Sweitzer_____  Date: __5/25/23__

Signature: _____(signature)_____

**Defendant** ~~[redacted]~~

Printed Name: _Peter Clateman_  Date: __5/25/2023__

Signature: _(signature)_