IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RONALD WILLIAMSON**, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**CURALEAF, INC.**,<br><br>Defendant. | Case No. 3:22-cv-00782-IM<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION** |

**IMMERGUT, District Judge.**

Plaintiff Ronald Williamson ("Plaintiff"), has filed an unopposed motion for preliminary approval of class settlement and certification ("Motion"), informing this Court that Plaintiff and Defendant Curaleaf, Inc. ("Parties") have agreed, subject to final approval by this Court following notice to the proposed Class, to settle this putative class action on the terms and conditions set forth in the Parties' Class Action Settlement Agreement ("Agreement"). ECF 19.

This Court has reviewed the Motion, the Agreement which was filed as an exhibit in support of the Motion, and other documents filed in support of the Motion, as well as the files,

records, and proceedings to date in this matter. Based upon this preliminary examination, it appears to this Court that the Agreement is sufficiently fair, reasonable, and adequate to warrant notice to the proposed Class; that the Settlement Class should be certified for settlement purposes; and that this Court should hold a hearing after notice to the proposed Class to determine whether to enter a Final Approval Order and final judgment in this action.

1. <u>Defined Terms.</u> Unless otherwise defined, the definitions provided in the Agreement are incorporated in this Order as though fully set forth herein.

2. <u>Preliminary Approval of Proposed Settlement.</u> The Agreement and Settlement is preliminarily approved as fair, reasonable, and adequate. This Court finds that, the Agreement resulted from sufficient arm's-length negotiations, and the Agreement is sufficient to warrant notice of the Settlement to Class Members and the setting of a Final Approval Hearing described below.

3. <u>Class Certification for Settlement Purposes Only.</u> Pursuant to Fed. R. Civ. P. 23(a) and (b), this Court, for settlement purposes only, conditionally certifies the following Settlement Class ("Class"), as set forth in the Agreement: All individual consumers with an Oregon address who purchased one of the Defendant's allegedly mislabeled Select CBD drops on or after June 19, 2021. The Class does not include any non-individual corporate entity; Defendant or any entity that has a controlling interest in Defendant; Defendant's current or former directors, officers, counsel, or their immediate families; any Judge assigned to this case; or any individuals who timely request exclusion or opt out from the Class.

In connection with the certification of the Class, for settlement purposes only, this Court makes the following findings:

    a. The Class satisfies Fed. R. Civ. P. 23(a)(1) because the Class membership appears to be so numerous that joinder of all members is impracticable;

    b. The Class satisfies Fed. R. Civ. P. 23(a)(2) because there appear to be questions of law or fact common to the Class;

    c. The Class satisfies Fed. R. Civ. P. 23(a)(3) because the claims of the Representative Plaintiffs appear to be typical of the claims being resolved through the proposed Settlement;

    d. The Class satisfies Fed. R. Civ. P. 23(a)(4) because the Representative Plaintiff appear to be capable of fairly and adequately protecting the interests of the Class in connection with the proposed Settlement, and because counsel representing the Class are qualified, competent and capable of prosecuting this action on behalf of the Class;

    e. The Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3) because, for purposes of settlement, common questions of law and fact appear to predominate over questions affecting only individual Class Members and because a class-wide resolution appears to be superior to other available methods for the fair and efficient resolution of the claims of the Class members. The Class also appears to be sufficiently cohesive to warrant settlement by representation.

4. <u>Class Representative Plaintiff.</u> This Court appoints Plaintiff Ronald Williamson as the Class Representative.

5. <u>Class Counsel.</u> This Court appoints Michael Fuller of OlsenDaines, P.C. and Kelly D. Jones of the Law Office of Kelly D. Jones as Class Counsel.

6. Cy Pres. All funds remaining in the Settlement Fund following payments of all amounts described in the Agreement, including, but not limited to, amounts remaining from uncashed or returned class member settlement checks, to Oregon Consumer Justice ("OCJ"), a non-profit organization focused on Oregon consumer protection issues. This Court approves OCJ to receive the cy pres award pursuant to the Agreement should the Settlement be finally approved. No amount of the Settlement Fund or Settlement Checks shall revert or be returned to defendant, its insurers, or other agents.

7. Final Approval Hearing. A final settlement approval hearing ("Final Approval Hearing") shall be held before this Court on the date and time set forth below. The date, time, and location of this hearing shall be set forth in all notices provided to Class Members and posted on the Settlement Website. At the Final Approval Hearing, this Court will determine whether the Agreement is fair, reasonable, and adequate and should be granted final approval. Papers in support of final approval of the Settlement and the Agreement shall be filed with this Court according to the schedule set forth below. This Court may postpone, adjourn, or continue the Final Approval Hearing.

8. Appointment of Settlement Administrator. This Court approves the Parties' choice of CPT Group ("CPT") as the Settlement Administrator to provide notice to the Class Members and to perform other administrative tasks as set forth herein and in accordance with the terms of the Agreement, with direction and oversight of the Parties.

9. Notice. This Court approves the form and content of the notices in substantially the same form as attached to the Agreement and filed with the Motion as Exhibits 3 and 4 ("Notice"). *See* ECF 19-4, Ex. 3; ECF 19-5, Ex. 4. This Court specifically finds that the Notice and the manner of its dissemination described in the Agreement and the CPT declaration filed in

support of the preliminary approval motion constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise Class Members of the certification of the Class for settlement purposes and the pendency of this action, the terms of Agreement, and the Class Members' right to object to the Settlement to or exclude themselves from the Class. Therefore, this Court finds that Notice is reasonable, that it constitutes adequate and sufficient notice to the Class members and all persons entitled to receive notice, and that Notice meets the requirements of due process and Fed. R. Civ. P. 23.

      10.      <u>Claims Process.</u> Recognizing that, besides Plaintiff, the putative class members' identities and contact information are currently unknown, this Court authorizes an "opt-in" claims process to facilitate the Settlement in accordance with the terms of the Agreement. This Court approves the form and content of the claims process and Claim Form in substantially the same form as attached to the Agreement and filed with the Motion as Exhibit 5. *See* ECF 19-6, Ex. 5.

      11.      <u>Costs of Class Administration.</u> Pursuant to the terms of the Agreement, Defendant will separately pay all costs of notice to the Class Members and distribution, including the administration costs incurred by CPT. Class Counsel shall not be liable for any such costs.

      12.      <u>Exclusion from Class.</u> Each Class Member who wishes to exclude themselves from the Class and follows the procedures set forth in this Order, the Class Notices, and the Agreement shall be rightfully excluded. Notice or requests for exclusion must be received by CPT no later than sixty days after entry of this Order. All persons who properly request exclusion from the Class shall not be Class Members and shall have no rights with respect to, nor be bound by, nor shall be considered to have released any claim under, the Agreement, should it

be finally approved. The names of all Class members or persons excluded shall be referenced in, or be attached as an exhibit to, the final approval order and/or final judgment.

  13. <u>Objections and Appearances.</u> Any Class Member who has not timely and adequately submitted a request for exclusion from the Class, and thus is a Class Member, may object to the fairness, reasonableness, or adequacy of the Agreement, proposed Settlement, or Class Counsel's attorney fee and cost request. Any Class Member who wishes to object must submit his or her objection in writing to this Court, filed or postmarked no later than the later of ninety days after the date of entry of this Order or sixty days from the date that the Postcard Notice is mailed to them. Objecting Class Members must (i) include their name and address, (ii) the case number, (iii) a statement of the reasons why they believe this Court should find the Agreement or other terms of the proposed Settlement are not in the best interests of the Class, and (iv) indicate any intent to appear at the Final Approval Hearing. Any responses to objections to the Settlement, the Agreement, or the Class Counsel's Fee and Expense Application shall be filed with this Court within twenty-one days after the deadline for serving objections.

  14. <u>Schedule of Performance.</u> The dates of performance are as follows:

   a. CPT shall initiate Notice to potential Class Members no later than thirty days after entry of this Order.

   b. All Class Members who desire to be excluded shall request exclusion with CPT no later than ninety days from the date of entry of this Order.

   c. All objections to the Agreement or any of the proposed settlement shall be filed with, or mailed to, this Court, no later than ninety days from the date of entry of this Order.

      d. Responses to objections, if any, shall be filed with, or mailed to, this Court no later than twenty-one days after the deadline for objections.

      e. Class Counsel will file any documents or papers in support of Final Approval, including a motion seeking entry of a Final Approval Order and Judgment, no later than ten days before the date set for the Final Approval hearing above.

      f. The Final Approval Hearing shall be held on November 14, 2023, in Courtroom 13A at the United States District Court for the District of Oregon Courthouse, located at 1000 S.W. Third Ave., Portland, OR 97204.

15. <u>Effect of Failure to Approve Agreement.</u> In the event this Court does not finally approve the Settlement, the following shall apply:

      a. All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect;

      b. This case shall return to its status as it existed before entry of this Order; and

      c. Nothing contained in this Order is or may be construed as any admission or concession by or against any party on any point of fact or law.

16. <u>Discretion of Counsel and Class Administrator.</u> The Parties and CPT are hereby authorized to take all reasonable steps in connection with approval and administration of the Settlement and the Agreement not materially inconsistent with this Order or the Agreement, including, without further approval of this Court, making minor changes to the content of the Notice and Claim form jointly deemed necessary.

///

///

///

17. <u>Reservation of Rights and Retention of Jurisdiction.</u> This Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to Class Members and retains jurisdiction to consider all further applications arising out of or connected with the Settlement and the Agreement.

**IT IS SO ORDERED.**

DATED this 29th day of June, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge