**Michael Fuller, OSB No. 09357**
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

**Kelly D. Jones, OSB No. 074217**
kellydonovanjones@gmail.com
Direct 503-847-4329

Of Attorneys for Plaintiffs


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| **RONALD WILLIAMSON** individually, and on behalf of others similarly situated | Case No. No. 3:22-cv-00782-IM |
| Plaintiff | **UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT** |
| vs | |
| **CURALEAF, INC.** | |
| Defendant | |


**MOTION FOR FINAL APPROVAL – Page 1 of 22**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................3

LR 7.1 CERTIFICATION ........................................................................5

MOTION...............................................................................................5

MEMORANDUM ...................................................................................6

    1.  Background and Summary of the Settlement..............................5

    2.  Implementation of the Notice Plan..............................................8

    3.  Exclusions and Objections ...........................................................11

    4.  Claims Administration.................................................................12

    5.  The Settlement Is Fair, Reasonable, and Adequate and Should Be Granted Final Approval ..............................................................13

CONCLUSION.......................................................................................20

# TABLE OF AUTHORITIES

## Cases

*Balderas v. Massage Envy Franchising, LLC*,
    No. 12-cv-06327, 2014 U.S. Dist. LEXIS 99966, 2014 WL
    3610945 (N.D. Cal. July 21, 2014) ...............................................17

*Class Plaintiffs v. City of Seattle*,
    955 F.2d 1268 (9th Cir. 1992) ......................................................13

*Diaz v. Tr. Territory of Pac. Islands*,
    876 F.2d 1401 (9th Cir. 1989) ......................................................14

*Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*,
    654 F.3d 935 (9th Cir. 2011) ...................................................18, 19

*Marshall v. Northrop Grumman Corp.*,
    No. 16-CV-6794 AB (JCx), 2020 WL 5668935, 2020 U.S. Dist.
    LEXIS 177056 (C.D. Cal. Sept. 18, 2020) ...................................19

*Odom v. ECA Mktg.*,
    No. EDCV 20-851 JGB (SHKx), 2021 WL 7185059, 2021 U.S.
    Dist. LEXIS 246032 (C.D. Cal. Dec. 22, 2021) ...........................19

*Officers for Justice v. Civil Serv. Comm'n of the City & Cnty. of S.F.*,
    688 F.2d 615 (9th Cir. 1982) ........................................................17

*Rivera v. W. Express Inc.*,
    No. EDCV 18-1633 JGB (SHKx), 2022 U.S. Dist. LEXIS 76533,
    (C.D. Cal. Apr. 25, 2022) .............................................................19

*Roes, 1–2 v. SFBSC Mgmt., LLC*,
    944 F.3d 1035 (9th Cir. 2019) ......................................................14

*Stovall-Gusman v. W.W. Granger, Inc.*,
    No. 13-cv-2540, 2015 U.S. Dist. LEXIS 78671, 2015 WL 3776765
    (N.D. Cal. June 17, 2015)..............................................................17

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) ......................................................19

## Statutes

28 U.S.C. § 1715(b)......................................................................8

ORS 646.638...................................................................................6

ORS 646.608(1) ..............................................................................6

Unlawful Trade Practices Act ........................................................6, 17

**Rules**

FRCP 23(a) ...................................................................................................15, 16

FRCP 23(b) ........................................................................................................16

FRCP 23(b)(3) ...................................................................................................15

FRCP 23(c)(2) ...................................................................................................15

FRCP 23(e) ...................................................................................................passim

FRCP 23(e)(1) ...................................................................................................15

## LR 7-1 CERTIFICATION

This motion is required to be filed by Court order, and defendant Curaleaf, Inc. (Curaleaf or defendant) does not oppose the relief sought in this motion.

## MOTION

Pursuant to FRCP 23(e), class representative plaintiff Ronald Williamson moves the Court for final approval of the preliminarily certified and approved Class Settlement Agreement (Agreement) (Doc. 19-1) by entering an order substantially in the same from as the proposed final approval order filed in support of the motion for preliminary approval (Doc. 19-3). In addition to the memorandum immediately below, this motion is supported by the declarations of class counsel Kelly D. Jones (Jones Decl.) and Michael Fuller (Fuller Decl.), the declaration of Julie Green of CPT, Group, Inc. (CPT) the court-approved class administrator (Green Decl.), the exhibits attached to or filed with those declarations; and the other documents, motions, filings, and supporting declarations that have been previously filed in this action.

**MOTION FOR FINAL APPROVAL**– Page 5 of 22

**MEMORANDUM**

**1.    Background and Summary of the Settlement**

This class action case arose out of defendant's advertisement and sale of its Select CBD Drops (Products) as not having CBD Defendant labeled, marketed, and advertised the Products purchased by plaintiff and the putative Class Members as containing cannabidiol (CBD) but not having any, or any substantial amount of, tetrahydrocannabinol (THC), when in fact the Products purchased by plaintiff and the putative class members contained substantial amounts of THC, a psychoactive compound in cannabis that produces intoxicating effects. Doc. 1 ¶¶ 5-8.

On behalf of the class members, under ORS 646.638 of Oregon's Unlawful Trade Practices Act (UTPA), plaintiff's seeks relief for defendant's alleged violations of ORS 646.608(1), for the greater of the amounts plaintiff and the class members paid for the Products or $200[1] in statutory damages, potential punitive damages, and reasonable fees and costs. *Id.* ¶¶ 17-21.

After mediating with former Oregon Supreme Court Justice Sue Leeson, the parties reached material terms of the proposed class-wide settlement and the Agreement. Doc. 20 ¶ 3. After providing the Court with notice of the parties' settlement, plaintiff subsequently filed a

---

[1] No class members paid more than $200 for the Products, because all of the Products were priced significantly below $200.

preliminary motion for approval of the settlement and certification. Doc. 19. The Court granted preliminary approval of the settlement and class certification for settlement purposes and entered an applicable order appointing class counsel, the class representative, CPT as administrator, and directed CPT to give notice to the class and begin the claims process. Doc. 24. The Court set the final approval hearing for November 14, 2023, at 2 p.m. in Courtroom 13A of the District of Oregon federal courthouse. *Id.*

The class, as defined in the Agreement and preliminarily approved by the Court, consists of: All individual consumers with an Oregon address who purchased one of the Defendant's allegedly mislabeled Select CBD drops on or after June 19, 2021. Doc. 23 at 3; Doc. 24 at 2.

The Class does not include any non-individual corporate entity; Defendant or any entity that has a controlling interest in Defendant; Defendant's current or former directors, officers, counsel, or their immediate families; any Judge assigned to this case; or any individuals who timely request exclusion or opt out from the Class.

According to defendant, there are approximately 500 consumers who purchased the Products and are thus potential Class Members. *See* Doc. 8 at 2.

**MOTION FOR FINAL APPROVAL**– Page 7 of 22

Defendant will provide a $100,000 settlement fund and will also pay all of CPT's necessary costs and expenses to administer the settlement, separate from the $100,000 settlement fund. Doc. 23 at 10. Following their intent as indicated in the agreement, and as noticed to the class, class counsel now requests a benchmark award of 25% ($25,000) of the settlement fund for time, effort, and expense in securing this settlement for the class members. *Id*. at 10-11. The remaining 75% ($75,000) of the settlement fund will be paid out to valid claimants/class members in equal shares. *Id*. at 11.

Critically, the proposed settlement is not reversionary: no amount of the settlement fund remaining after the class member and counsel distribution (from uncashed checks or unclaimed funds) will not go back to defendant or its insurer. *Id*. Instead, any amounts will be paid as a *cy pres* award to an appropriate nonprofit consumer protection organization—Oregon Consumer Justice (OCJ). *Id*. Any class member who desired to exclude themself from the settlement will be opted out and will not be bound by the Agreement and its release provisions. *Id*. at 11.

## 2.    Implementation of the Notice Plan

To ensure that notice, claims, and distribution was done properly and effectively, the parties agreed to use, and the Court approved, CPT to handle the administrative duties in this case. Doc. 23 at 5. On May

26, 2023, in compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), CPT sent notification to the United States Attorney General, and the Oregon Attorney General. Green Decl. ¶ 5.

CPT established a dedicated, 24-hour, toll free, bilingual support phone line to provide information and answer questions from class members, which went live on July 28, 2023. *Id*. ¶ 6. CPT reports that there have been at least As of the date of this declaration, there have been 56 calls made to the case support line. *Id*.

CPT also established and has maintained a case-dedicated email address (CuraleafSettlement@cptgroup.com), which was is listed in several prominent locations on the settlement website, that class members can use to communicate with CPT if they have questions about the case. CPT reports that there have been at least 86 email inquiries received from presumed class members. *Id*. ¶ 7.

CPT established a dedicated settlement website with Domain/URL www.CuraLeafSettlement.com that went live on July 28, 2023. The Settlement Website includes a page called Court Documents that contains links to downloadable versions of the Class Action Complaint, Notice of Proposed Class Action Settlement, Settlement Agreement, Preliminary Approval Order, Long Form Notice, and Claim Form. In addition, during the active notice and claims period (between July 28, 2023, and September 27, 2023) the website provided a link to

**MOTION FOR FINAL APPROVAL**– Page 9 of 22

file a claim form electronically through the website. True and correct copies of the Long Form Notice and Claim Form that are posted to the website are attached hereto as Exhibits A and B to the Green Decl. *Id*. ¶ 8. The settlement website also contains Frequently Asked Questions (FAQs) and an Important Dates page that lists the case deadlines for submitting a claim form, filing a request for exclusion, or filing an objection, as well as the date of the Final Approval Hearing. *Id*. ¶ 9. CPT reports, as of the date of the Green Decl., in aggregate there have been approximately 61,662 views of the website's various pages, and approximately 27,864 unique visitors to the site. *Id*. CPT will continue to maintain and update the settlement website with relevant documents, including the Final Approval Order once entered by the Court, and other information or updates as they become available, or requested by the parties or required by the Court. *Id*. ¶ 10.

On July 28, 2023, CPT implemented the digital notice program, press release, and print publication notices to distribute the court approved class notices and disseminating important information about the case; including the terms of the settlement, important deadlines, and how to object, opt-out, and to file a claim as a class member to share in the settlement proceeds. *Id*. ¶¶ 11-13.

The Notice Plan sought to reach approximately 85% of the target audience (the potential Settlement Class) through targeted digital

**MOTION FOR FINAL APPROVAL**– Page 10 of 22

internet banner advertisements, paid keyword search on Google & Bing, and social media advertisement campaign on Facebook and Instagram, supplemented by a press release, print publication, settlement website, email and call center support. *Id*. ¶ 14.

In summary, the Notice Plan was successfully and timely implemented on July 28, 2023, and completed on September 10, 2023, in compliance with the parties' Settlement Agreement and the Court's Preliminary Approval Order. *Id*. ¶ 15. Based on CPT's experience, the outreach efforts of the notice plan described above in paragraphs 11-15 reflect an appropriate, highly targeted and contemporary way to provide notice to the class. *Id*. ¶ 28. This approach, primarily relying on digital notices distributed via social and mobile media, successfully reached the projected percentage of potential Settlement Class Members. *Id*. Our efforts align with the most current communication standards, have been diligently designed to ensure ample notice to the class, and are fully in line with the best and most practicable court approved notice programs employed in similar cases, thereby meeting all due process requirements. *Id*.

## 3.    Exclusions and Objections

The deadline for Settlement Class Members to exclude themselves from the Settlement Class was September 27, 2023. CPT received one request for exclusion, from a single individual Named

Manuel Lutin, which is attached As Exhibit F to CPT/Green Declaration. *Id*. ¶ 25. Class Counsel has not received notice of, and is otherwise unaware of, any other class members or other individuals who have asked to be excluded or opted-out of the settlement. Jones Decl. ¶ 3

CPT did not receive any objections during the notice period. Class counsel has not received notice of, and is unaware of, any objections from Class members or any other individuals who desired to object to the settlement. Green Decl. ¶ 26. Class Counsel has not received notice of, and is otherwise unaware of, any class members or other individuals who have objected to the settlement. Jones Decl. ¶ 3.

**4.    Claims Administration**

Because the identities of the class members were unknown, administration if this settlement required a claims process. The deadline for Settlement Class Members to submit a Claim Form was September 27, 2023. Green Decl.¶ 16.

During the claims period (July 28, 2023, to September 27, 2023), CPT received a total of 502,557 claims, of which the majority were submitted online through the website. *Id*. As of the date of this declaration, 472,488 claims have been invalidated as further detailed below, and 30,068 claims are currently still under review. *Id*. ¶ 17.

**MOTION FOR FINAL APPROVAL**– Page 12 of 22

Suspicious claim submissions are not uncommon in cases with no (or minimal) class list and where the claim form is open to the public. *Id*. ¶ 18. CPT know this to be typical in other claims administrators' experience on similar cases. To address this, CPT has developed various tools and tactics to both limit and identify suspicious claims. *Id.* The extensive details of the tools and methods that CPT has used, and will use, to continue to reduce and invalidate the suspected fraudulent claims and to preserve the likely non-fraudulent claims if class members is set forth in CPT declaration. *See id*. ¶¶ 18-21.

While it is impossible to eliminate every potentially fraudulent claim, CPT anticipates that after employing the additional tactics described in its declaration, the final count of valid claims eligible for payment will align more closely with the initial expectations for this matter. *Id*. ¶ 22. Based on a few hypothetical scenarios, on the count of valid claims in the CPT declaration CPT estimates recovery for Settlement Class Member with valid claims will be in a range from $37.50-$200.00. *Id*. ¶ 23. CPT will continue to work on the claims validation as described above over the coming weeks and is prepared to provide supplemental reporting to Counsel and to the Court as to its progress. *Id*. ¶ 24.

5.    **The Settlement Is Fair, Reasonable, and Adequate and Should Be Granted Final Approval.**

The Ninth Circuit has declared a strong judicial policy for the settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). However, FRCP 23(e) requires court approval of any settlement in a class action. Procedurally, the approval of a class action settlement prior to certification takes place in two stages: (1) the Court preliminarily approves the settlement pending a fairness hearing, temporarily certifies the class, and authorizes notice to be given to the class; then (2) at the final "fairness" hearing, after notice is given to the proposed Class Members, the Court entertains any nonfrivolous objections as to the terms of the proposed settlement and determines whether the settlement is "fair, reasonable, and adequate." *Diaz v. Tr. Territory of Pac. Islands,* 876 F.2d 1401, 1408 (9th Cir. 1989); FRCP 23(e).

District courts employ a "higher standard of fairness" with "a more probing inquiry" when evaluating settlements negotiated prior to certification. *Roes, 1–2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1048 (9th Cir. 2019). Under FRCP 23(e)(2) district courts consider whether: (1) the class representatives and class counsel have adequately represented the class; (2) the proposal was negotiated at arm's length; (3) the relief provided for the class is adequate, taking into account the costs, risks, and delay of trial and appeal, the effectiveness of any proposed method

**MOTION FOR FINAL APPROVAL**– Page 14 of 22

of distributing relief to the class, including the method of processing class-member claims, the terms of any proposed award of attorney's fees, including timing of payment, and any agreement required to be identified under Rule 23(e)(3); and (4) the proposal treats class members equitably relative to each other.

In the preliminary approval, plaintiff explained in detail why the proposed class should be certified for settlement purposes under FRCP 23(a) and(b)(3) and why the settlement is fair, reasonable, and adequate and should be approved by the Court under FRCP 23(e). Doc. 19. After applying all the applicable factors, the Court granted preliminary certification under and preliminary approval of the settlement, and directed notice be given to the class to gauge their reaction to the proposed settlement and to submit a claim to share in the settlement fund. Doc. 24. Therefore, the central purpose of this motion is to update the Court on effectiveness of the court approved notice plan, claims administration, and to report on the reaction from the class they were notice and claims were filed.

As set forth *supra*, a pre-approved robust and highly effective notice plan, satisfying FRCP 23(c)(2) and (e)(1) and any due process concerns, was implemented by CPT. Green Decl. ¶¶ 5-14, 28. The reaction to the Settlement has been overwhelmingly positive; because no Class Members, or any other party, have filed any objections to the

proposed settlement and only one potential class member chose to opt-out and exclude themselves from the settlement. Green Decl. ¶¶ 25-26; Jones Decl. ¶ 3.

Nothing has changed to negatively affect the propriety in granting certification of the class[2] for settlement purposes or in finally approving the settlement as fair, reasonable, and adequate under FRCP 23(e) since the preliminary approval order was granted. On the other hand, the positive reaction from the class members, evidenced by the lack of any objections to the proposed settlement after the notice has strengthened the Court's preliminary approval decision.

As set forth in more detail in the preliminary approval motion and order, the class representative and class counsel have adequately represented the class and the settlement was negotiated at arm's length after mediation with a highly respected former Oregon Supreme Court Justice.

As to the relief to be provided to the class, given continuing efforts explained in detail *supra* and even more extensively in CPT's declaration, given the ongoing claims investigation and validation the final number of verified claims/class members has not yet been finalized.

---

[2] Because the applicable class certification factors under FRCP 23(a) and (b) were addressed extensively in the preliminary motion and order granting preliminary certification, representative plaintiff relies on those submissions as to the propriety of affirming certification.

**MOTION FOR FINAL APPROVAL**– Page 16 of 22

Green Decl. ¶¶ 17-21. CPT estimates that at the low-end each class member will receive $37.50, and at the high-end each class member will receive $200 (the maximum allowed under the settlement and the UTPA). *Id*. ¶ 23. From recent experience dealing with class settlement claims processes, including with CPT as the administrator, class counsel and CPT expect the final number will be at towards the higher end of the CPT estimates. *Id*. ¶ 22. CPT will continue to work on the claims validation as described above over the coming weeks and is prepared to provide supplemental reporting to Counsel and to the Court as to its progress. *Id*. ¶ 24.

Regardless of whether the final validated claims/class member count falls at the lower or higher end of these estimates, there should still no doubt that—taking into account the costs, risks, and delay of trial and appeal—this settlement will provide substantial and adequate compensation to the class. *See Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th Cir. 1982) ("It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair."); *Stovall-Gusman v. W.W. Granger, Inc.*, No. 13-cv-2540, 2015 U.S. Dist. LEXIS 78671, 2015 WL 3776765, at *4 (N.D. Cal. June 17, 2015) (approving settlement where net amount represented 7.3 percent of plaintiffs' estimated trial award); *Balderas v. Massage Envy Franchising, LLC*,

No. 12-cv-06327, 2014 U.S. Dist. LEXIS 99966, 2014 WL 3610945, at *5 (N.D. Cal. July 21, 2014) (granting preliminary approval of a net settlement amount representing 5% of the projected maximum recovery at trial). The settlement treats Class Members equitably relative to each other.

As to class counsel's requested fees of 25% of the common settlement fund, the Court should look for any "subtle signs of collusion," including class counsel receiving a disproportionate share of the settlement, (2) a "clear sailing" agreement, or (3) reversion of unclaimed funds to the defendant. *Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*, 654 F.3d 935, 947 (9th Cir. 2011). Through the preliminary approval order, the Court has already found that none of these signs are present here—because they are not. This is because class counsel and the parties were mindful to ensure that both the negotiation process and the terms of the Agreement and settlement were devoid of any of these disfavored terms or conditions.

Rather than negotiating any "clear sailing" agreement with defendant, class counsel have stated their intent to apply for a standard benchmark award of 25% of the settlement fund for their time, effort, and expense in securing and facilitating the settlement on behalf of the Class. Doc. 23 at 2. No unclaimed funds will revert to defendant, but

**MOTION FOR FINAL APPROVAL**– Page 18 of 22

instead will be paid to an appropriate Oregon nonprofit consumer organization, OCJ.

As far as the amount of fees requested by class counsel, the percentage-of-recovery method is the dominant and preferred method of awarding class counsels' attorney fees in a class action case and is appropriate here. *See Odom v. ECA Mktg.*, No. EDCV 20-851 JGB (SHKx), 2021 WL 7185059, 2021 U.S. Dist. LEXIS 246032, at *12 (C.D. Cal. Dec. 22, 2021) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002)).

Although one third of the settlement fund secured for the class is a routine percentage to be awarded to class counsel, 25% of the common fund is the lower "benchmark" percentage in the Ninth Circuit. *See Marshall v. Northrop Grumman Corp.*, No. 16-CV-6794 AB (JCx), 2020 WL 5668935, 2020 U.S. Dist. LEXIS 177056, at *23-24 (C.D. Cal. Sept. 18, 2020). A court should depart from the benchmark 25% of the common fund only when special circumstances warrant such a departure. *Bluetooth*, 654 F.3d at 942. Importantly, after receiving notice, no class member, or any other party, has objected to class counsel's sated intent to request the benchmark 25% of the common fund for their fees and costs.

Additionally, in its discretion, a court may, but need not, utilize a lodestar crosscheck to assess the overall reasonableness of class

**MOTION FOR FINAL APPROVAL**– Page 19 of 22

counsels' percentage-of-recovery attorney fee request. *See Rivera v. W. Express Inc.*, No. EDCV 18-1633 JGB (SHKx), 2022 U.S. Dist. LEXIS 76533, at *18 (C.D. Cal. Apr. 25, 2022). Here, because class counsel is requesting the benchmark 25% for fees (and no costs), and there are no special circumstances indicating that percentage should be further reduced, a lodestar crosscheck should not be necessary. *Id*. Nonetheless, class submits the following lodestar estimates in the event the Court does want to do so anyhow. In total, class counsels' estimated total lodestar is $34,140. *See* Jones Decl. ¶ 4; Fuller Decl. ¶ 5. That class counsels' lodestar estimates already significantly exceed the benchmark 25% of the settlement fund is additionally supports the reasonableness of the request.

## CONCLUSION

For the foregoing reasons, and those set forth in the preliminary motion and order, representative plaintiffs respectfully request that the Court to grant final certification for the purpose of settlement; grant final approval of the Agreement and Settlement, including class counsel's attorney fees in the amount of 25% of the common settlement fund ($25,000), as fair, reasonable, and adequate under FRCP 23(e)(2); and enter an order in substantially the same form as the proposed final order attached to the Agreement and filed in this case (Doc. 19-3).

**MOTION FOR FINAL APPROVAL**– Page 20 of 22

November 3, 2023

**RESPECTFULLY FILED,**

s/ Kelly D. Jones
**Kelly D. Jones, OSB No. 074217**
Of Attorneys for Plaintiff
Law Office of Kelly D. Jones
819 SE Morrison St., Suite 255
Portland, Oregon 97214
kellydonovanjones@gmail.com
Direct 503-846-4329

**Michael Fuller, OSB No. 09357**
OlsenDaines
Lead Trial Attorney for Plaintiff
michael@underdoglawyer.com
Direct 503-222-2000

**MOTION FOR FINAL APPROVAL**– Page 21 of 22

## CERTIFICATE OF SERVICE

I certify that this document was served on all necessary parties through this Court's ECF system.

November 3, 2023

s/ Kelly D. Jones
**Kelly D. Jones, OSB No. 074217**
Of Attorneys for Plaintiffs
The Law Office of Kelly D. Jones
819 SE Morrison St., Suite 255
Portland, Oregon 97214
kellydonovanjones@gmail.com
Direct 503-846-4329

**MOTION FOR FINAL APPROVAL**– Page 22 of 22