IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RONALD WILLIAMSON**, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**CURALEAF, INC.**,<br><br>Defendant. | Case No. 3:22-cv-00782-IM<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION** |

**IMMERGUT, District Judge.**

Before this Court is Representative Plaintiff Ronald Williamson's Motion for Final Approval of the Proposed Class Action Settlement ("Settlement"), ECF 25, as memorialized in the Class Action Settlement Agreement ("Agreement") executed by Representative Plaintiff and Defendant Curaleaf, Inc. (collectively, "the Parties"), ECF 19-1. This Court previously granted preliminary approval of the Settlement and class certification under Federal Rule of Civil Procedure 23. ECF 24. This Court held a hearing to consider this motion on November 14, 2023,

which was noticed in the preliminary approval of the Settlement and Class certification, ECF 24.

ECF 30. No objectors were present at the November 14 hearing. ECF 30.

This Court has considered all papers filed and proceedings in this matter and is fully

informed regarding the facts surrounding the Settlement and Class Notice. Based upon this

information and review, this Court has determined to finally approve the Settlement and

Agreement as fair, reasonable, and adequate and to grant final certification of the Class under

Federal Rule of Civil Procedure 23. This Court hereby enters this Order and Final Judgment,

which constitutes a final adjudication on the merits of all claims of the Settlement Class

("Class").

The Settlement resolves all of the Class Members claims against Defendant and the

Released Parties as set forth in the Agreement, in exchange for Defendant's agreement to pay

certain amounts to all eligible Class Members and Class Counsel as set forth in the Agreement.

This Court held a Final Approval Hearing to consider whether to grant final approval to

the Settlement and to grant final class certification for settlement purposes only. ECF 30.

This Court has considered all the pleadings and papers filed in support of final approval

of the Settlement, and no opposition to final approval has been brought to this Court's attention.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1.    The definitions and provisions of the Agreement are incorporated in this Order as

though fully set forth herein.

2.    This Court has jurisdiction over the subject matter of the Agreement with respect

to and over all parties to the Agreement, including Representative Plaintiff and all Class

Members.

3.    The following Class, as defined in the Agreement, is granted final certification pursuant to Federal Rule of Civil Procedure 23. In exercising its discretion to certify the Class, for settlement purposes only, this Court specifically finds that:

(a) The Class satisfies Rule 23(a)(1) because the Class is so numerous that joinder of all members is impracticable;

(b) The Class satisfies Rule 23(a)(2) because there are questions of law or fact common to the Class;

(c) The Class satisfies Rule 23(a)(3) because the Representative Plaintiff is typical of the claims being resolved through the proposed Settlement;

(d) The Class satisfies Rule 23(a)(4) because the Representative Plaintiff and Class Counsel are capable of fairly and adequately protecting the interests of the Class in connection with the Settlement; and

(e) The Class satisfies the requirements of Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual Class Members and because this Class Settlement is superior to other available methods for the fair and efficient resolution of the claims of the Class.

4.    This Court hereby grants final approval of the Settlement, as memorialized in the Agreement, and finds that the Settlement resulted of arm's length negotiations between the Parties; is within the authority of the Parties; and is in all respects, fair, reasonable, and adequate to the Class.

5.    No objections to the Settlement and Agreement have been brought to this Court's attention.

6.    A single Class Member, identifying himself as Manuel Lutin, has timely requested to be excluded from the Class and the Settlement, as set forth in the attached exhibit. Accordingly, this Order and the Final Judgment shall not bind or affect this named Class Member.

7.      All funds remaining in the Settlement Fund following payments of all amounts described in the Agreement (including, but not limited to, amounts remaining from uncashed or returned Class Member settlement checks) after ninety (90) days following the date of issuance of the settlement checks will constitute the Cy Pres Fund. The Settlement Administrator shall distribute the entire Cy Pres Fund as an award to Oregon Consumer Justice ("OCJ") a non-profit organization focused on Oregon consumer protection issues. This Court finds that OCJ is an appropriate recipient to receive the Cy Pres Fund pursuant to this Settlement. No amount of the Settlement Fund shall revert or be returned to Defendant, its insurers, or its agents.

8.      The Agreement and entry of this Order and Final Judgment operate as a settlement in full and a release as to the claims of Representative Plaintiff and every Class Member who has not timely excluded themselves, as defined and limited by the Agreement.

9.      The Settlement Administrator, CPT Group ("CPT"), has adequately completed the delivery of Notice to the Class according to the terms of the Agreement and this Court's prior order granting preliminary approval. The Notice given by CPT to the Class, which adequately set forth the important terms of the Agreement and the Settlement, was the best practicable notice under the circumstances and provided due and adequate notice, satisfying the requirements of Rule 23 and constitutional due process. Accordingly, this Court determines that all Class Members, except those who have timely and properly excluded themselves from the Class pursuant to the Agreement and this Court's order granting preliminary approval, are bound by the terms of the Agreement and this Order and the Final Judgment.

10.     Without affecting the finality of this Order and Final Judgment, this Court retains continuing jurisdiction over the Class Members and implementation of the Agreement, distribution of the Settlement Fund, and any other payments required by the Agreement, until

each and every act agreed to be performed pursuant to the Agreement, or by this Court's orders, has been performed.

11.      This Court hereby awards $25,000, representing approximately twenty-five percent (25%) of the Settlement Fund, to Class Counsel as reasonable attorney's fees and expenses, to compensate Class Counsel for their time incurred in representing Representative Plaintiff and the Class and for securing the Settlement for the Class Members. This amount is in lieu of any statutory or other rights to attorney's fees and costs and expenses that Representative Plaintiff, Class Counsel, or the Class Members might otherwise have been entitled to recover in this action.

12.      Defendant, through CPT, shall hereby pay and distribute all funds and amounts, including the Settlement Fund, as set forth in, and according to, the Agreement, including payments to the Class Members, Class Counsel, and the Cy Pres Fund recipient; with exception that the "Distribution Date" as defined in the Agreement shall be amended and redefined to: "the date sixty (60) days after entry of the Final Approval Order and Final Judgment by the Court (Final Approval Date) if no appeals have been filed, or, if appeals or requests for review have been filed, sixty (60) days after the deadline to seek further review or appeal of an order affirming the granting of the Final Order and Final Judgment."

**IT IS SO ORDERED.**

DATED this 16th day of November 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 5 – ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION

# EXHIBIT F

## Record of Class Member Opt-Out Request

*Williamson v. Curaleaf, Inc.*  Case No. 3:22-cv-00782-IM

| Name |
| --- |
| Lutin, Manuel |